IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>KONG YUAN LI,<br><br>  Defendant. | **Case No.:** CR 2:07-00025-11 WBS<br><br>**STIPULATION REGARDING STATUS APPEARANCE AND EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER** |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for an initial district court appearance in the Eastern District of California on March 24, 2025.

2. For the reasons set forth below, the defense requests that the status appearance currently set for March 24, 2025 be vacated. The defense requests that the matter be set for a status appearance on Monday, June 2, 2025 before this Court.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has provided its initial production of discovery to defense counsel. That discovery includes law enforcement reports, photographs, video recordings, audio recordings, search warrant affidavits and other records. This discovery production is voluminous.

   b) Counsel for defendant has been reviewing the discovery, and discussing it with

his client. The defendant, Mr. Li, speaks some English, but requires the assistance of a Cantonese interpreter to effectively review discovery with counsel. The review of this discovery with Mr. Li accordingly requires significantly more time when compared to discovery review with an English-speaking defendant.

c) Counsel for the defendant desires additional time review the discovery, consult with his client, perform legal research and to otherwise investigate the allegations contained in the indictment.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 24, 2025 to June 2, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

//
//
//
//
//
//

STIPULATED ORDER CONT. INITIAL APPEARANCE
*LI*, CR 07-00025 WBS

2

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: March 18, 2025

IT IS SO STIPULATED.

STEVEN G. KALAR
Kalar Law Office

_/S_
Counsel for Kong Yuan Li

Dated: March 18, 2025

MICHELE BECKWITH
Acting United States Attorney
Eastern District of California

_/S_
HEIKO COPPOLA
Assistant United States Attorney

IT IS SO ORDERED.

Dated: March 20, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

STIPULATED ORDER CONT. INITIAL APPEARANCE
*LI*, CR 07-00025 WBS

3